UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Kimberly Kay Berscheid,　　　　　　　　　　　　　Bky No. 24-50679
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　Debtor.

Eugene Walcheski,

　　Plaintiff,

vs.

Kimberly Berscheid,

　　Defendant.

## COMPLAINT UNDER §523(a) TO DETERMINE DISCHARGEABILITY OF A DEBT

Now comes Eugene Walcheski (hereinafter "Plaintiff"), a creditor in the above-captioned case and moves this court to enter an order pursuant to 11 U.S.C. §523(a) denying the discharge of certain debts on the following grounds:

1.　　Defendant is an individual who filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 18, 2024.

2.　　Defendant is a Minnesota resident who in her Bankruptcy Petition listed her residence as 916 1st Street South, Apt. 3, Sauk Rapids, Benton County, Minnesota 56379.

3.　　Plaintiff is a Minnesota resident who resides at 10321 115th Street NE, Apt. 3, Gilman, Benton County, Minnesota 56333.

4.　　Defendant owes Plaintiff certain obligations as set forth below.

1

5. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334, 11 U.S.C. §523(a)(11) and FED. R. BANKR. P. 7001(6).

6. This is a core proceeding under 28 U.S.C. §157(b)(2)(I). Venue is proper under 28 U.S.C. §1409(a).

7. Plaintiff and Defendant's civil property dispute was resolved by Findings of Fact, Order for Judgment and Judgment on August 7, 2024.

8. The Judgment resolving civil property dispute between Plaintiff and Defendant incorporated a loan assigned to Defendant.

9. Defendant's Bankruptcy Petition appears to attempt to discharge Defendant's obligations to Plaintiff as set forth in the Judgment in violation of 11 U.S.C. §523(a)(11).

10. Pursuant to Order paragraph 3 of the Plaintiff and Defendant's Judgment:

> "The parties shall be solely responsible for the monthly payments on any encumbered loans on any item awarded to them.
>
> "Each party shall indemnify and hold harmless the other in the event of enforcement or attempted enforcement of the underlying loan or debts encumbered by the items awarded to a party by a creditor against the other."

11. Defendant's obligation to Plaintiff pursuant to the Judgment, arose out of a civil property dispute, whereby Plaintiff and Defendant are both on the title to the 1997 Chevy Pickup awarded to Defendant. There is a $7,400.00 loan on the 1997 Pickup in Plaintiff's name. Defendant refuses to pay the monthly loan even though she is court-ordered to do so. This has forced Plaintiff to wrongfully incur extra costs associated with Defendant's debt.

12. Defendant does not dispute her obligations to Plaintiff as set forth in the Judgment.

13. Defendant is a former significant other of Plaintiff, and Plaintiff is being forced to pay a debt because Defendant failed to honor her obligations created in a Judgment filed in Benton County, Minnesota.

WHEREFORE, Plaintiff respectfully requests that the Court determine that Defendant's obligations and debts to Plaintiff, including, but not limited to the amounts listed above and all appropriate interest, costs and attorneys' fees are excepted from discharge to 11 U.S.C. §523(a)(11) and for such other relief as the Court deems just.

Dated: 1/21/25

PCG LAW

By: _____
Ross W. Montgomery, ID #0400185
Attorney for Plaintiff
630 Roosevelt Road, Suite 101
St. Cloud, MN 56301
(320) 253-7879
rmontgomery@saintcloudlaw.com